FRANK DINGLEY *vs.* CITY OF BATH.

Sagadahoc.    Opinion June 22, 1914.

*Assumpsit.    Liquor Agent.    Public Laws of 1909, Chap. 253.    Public Laws of 1911, Chap. 10.    Salary.*

1. Sec. 33 of Chap. 29 of the Revised Statutes made it unlawful for the Municipal Officers to purchase liquors of any person other than the State Liquor Commissioner.
2. Chap. 10 of the Public Laws of 1911, repealed Secs. 15 to 25 inclusive of Chap. 29 of the Revised Statutes and also repealed Chap. 252 of the Public Laws of 1909.
3. When the laws of 1911 went into effect, the office of State Liquor Commissioner was abolished.
4. As the law rendered it unlawful to continue the business of liquor agency, the contract between the plaintiff and defendant was at an end.

Report on agreed statement.    Judgment for defendant.

An action of assumpsit upon an account annexed to recover a balance of salary as liquor agent of the City of Bath from May 5, 1911 to May 5, 1912.    Plaintiff was appointed and qualified as liquor agent of said Bath, May 5, 1911, and continued as such agent until August 31, 1911, at which time the agency was discontinued. Plea, general issue.    The case was reported upon an agreed statement to the Law Court for determination.

The case is stated in the opinion.

*Walter S. Glidden,* for plaintiff.

*George E. Hughes,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J.    An action of assumpsit upon account annexed to recover $750 alleged to be due the plaintiff as the balance of salary from May 5, 1911, to May 5, 1912, as the liquor agent of the City of Bath, and before this court upon report.

The plaintiff was duly appointed liquor agent of the city of Bath and qualified May 5, 1911; he entered upon the discharge of his duties at once, and continued to perform the duties of the office until August 31, 1911, when the business of the agency was discontinued, but the plaintiff was not, by any vote or order passed by the mayor and aldermen, removed from office or discharged from his employment, and was willing to perform the duties of liquor agent during the remainder of the year. The salary of the office was fixed by the city government at $1000 per year. At the time the business of the agency was discontinued, August 31, 1911, the plaintiff had in his possession all liquors of the city of Bath, which consisted of one case of champagne and less than one quart of brandy. The plaintiff claims that, as no vote or order was passed by the municipal officers removing or discharging him as liquor agent, he is entitled to the salary for the full term for which he was appointed. He received from the city $250, which was payment in full to August 31st, when the agency business was discontinued.

Chap. 253 of the Public Laws of 1909, was an act to regulate the purchase and sale of intoxicating liquors by the State Liquor Commissioner, and by town or city liquor agencies, and all town and city liquor agencies were to be supplied by the State Liquor Commissioner and all other provisions for a town supplying its agency with liquors were repealed by said Act. Sec. 33, Chap. 29, R. S., makes it unlawful for the municipal officers to purchase liquors of any other person than the commissioner. Chap. 10 of the Public Laws of 1911, repealed Secs. 15 to 25 inclusive of Chap. 29, R. S., which related to the duties of the Liquor Commissioner, and also repealed Chap. 252 of the Public Laws of 1909, so that when the laws of 1911 went into effect, the office of State Liquor Commissioner was abolished, and Secs. 15 to 25, inclusive, of Chap. 29, R. S., repealed and as Sec. 33, Chap. 29, prohibited the purchase of liquors for town or city agencies, except from the State Liquor Commissioner, it was unlawful for the city of Bath to purchase liquor for its agency, and as it had no liquors on hand it could not lawfully continue in the liquor business, for the one case of champagne and less than a quart of brandy was not a stock of liquors within the meaning of the statute, authorizing agencies to sell to the inhabitants of the cities or towns pure liquors for medicinal, mechanical

and manufacturing purposes, and as the city of Bath could not lawfully procure liquors to sell at its agency, it could not lawfully continue in the liquor business.

The plaintiff's contract was lawful when made, although it was known to the mayor and aldermen and tò the plaintiff that the law of 1911, Chap. 10, would render it unlawful to continue the employ-ment when the law went into effect, three months after the adjourn-ment of the legislature; but it is not material whether they knew the law or not, for, although the contract was lawful when made, the law afterward, Act of 1911, made it unlawful to supply the agency with liquor to carry on the employment of the plaintiff, and as the law rendered it unlawful to continue the business the contract between the plaintiff and the defendant was at an end.

*American Mercantile Exchange* v. *Blount,* 102 Maine, 128, and cases cited.

*Judgment for defendant.*